**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HANNAH JASS,

        Plaintiff,

v.                                                                                                  Case No. 3:23-cv-1401-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,[1]

        Defendant.
_____

# **OPINION AND ORDER**[2]

## **I.  Status**

Hannah Jass ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision finding that she is not disabled and therefore is ineligible for child's supplemental security income ("SSI").[3] Plaintiff's alleged disability is based upon "a learning disability" and a

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on November 30, 2024. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Martin O'Malley as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

[3] After the SSA proceedings ended, Plaintiff attained the age of eighteen and she is therefore proceeding on her own behalf. During some of the administrative proceedings, Plaintiff's mother proceeded on her behalf. As indicated, for purposes of this Opinion and Order, the designation "Plaintiff" refers to Hannah Jass.

"heart defect." Transcript of Administrative Proceedings (Doc. No. 14; "Tr." or "administrative transcript"), filed January 24, 2024, at 59, 104, 120. The SSI application was protectively filed on January 23, 2020,[4] and was denied initially, Tr. at 103-18, 119, 128, 129-31, and upon reconsideration, Tr. at 120-26, 127, 139-40.[5] On March 10, 2022, an Administrative Law Judge ("ALJ") held a hearing,[6] during which he heard testimony from Plaintiff's mother, Gayle Jass, who appeared with a non-attorney representative. See Tr. at 47-75. At the time of the hearing, Plaintiff was sixteen years old and in the tenth grade. Tr. at 57-58. The ALJ issued a Decision on December 6, 2022, finding Plaintiff "has not been disabled . . . since January 23, 2020, the date the application was filed." Tr. at 25, 10-26 (citation omitted).

Plaintiff requested review of the Decision by the Appeals Council and submitted a brief authored by her representative in support of the request. Tr. at 4-5, 46 (brief). On May 30, 2023, the Appeals Council denied the request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On November 28, 2023, Plaintiff commenced this action under

---

[4] The actual application was not located in the administrative transcript; the protective filing date is listed as January 23, 2020. Tr. at 10, 104, 120.

[5] The administrative transcript also contains various determinations on an earlier-filed claim that is not at issue here. Tr. at 76-83, 84, 85-95, 96-97, 101-02.

[6] The hearing was held via telephone because of extraordinary circumstances presented by the COVID-19 pandemic. Tr. at 50-51, 142-57.

42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely [7] filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff makes two arguments on appeal: 1) "the ALJ's determination that [Plaintiff] had less than marked limitations in the domains of acquiring information and attending and completing tasks was not supported by substantial evidence"; and 2) "the ALJ failed to properly consider the testimony and third party [function] reports of [Plaintiff's] mother." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 22; "Pl.'s Mem."), filed May 23, 2024, at 3, 9 (emphasis, capitalization, and quotation omitted). On July 18, 2024, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 27; "Def.'s Mem.") addressing Plaintiff's arguments. After a thorough review of the entire record and consideration of the parties' respective filings, the undersigned finds the Commissioner's final decision is due to be affirmed.

## II.   The Disability Evaluation Process for Children

An individual "under the age of 18 [is] consider[ed] . . . disabled if [the individual] ha[s] a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional

---

[7] Plaintiff sought and received additional time to file a civil action. Tr. at 37, 33-34.

- 3 -

limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906; see 42 U.S.C. § 1382c(a)(3)(C)(i). When determining whether an individual under the age of eighteen is disabled, an ALJ must follow the three-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether (1) the claimant is engaging in substantial gainful activity; (2) the claimant has a severe impairment or combination of impairments; and (3) the impairment(s) meet, medically equal, or functionally equal any of the impairments set forth in the Listings. 20 C.F.R. § 416.924; see also Shinn ex rel. Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1278-79 (11th Cir. 2004) (explaining the three-step sequential evaluation process for children); Banks ex rel. Hunter v. Comm'r of Soc. Sec. Admin., 686 F. App'x 706, 712 (11th Cir. 2017) (unpublished); T.R.C. v. Comm'r, Soc. Sec. Admin., 553 F. App'x 914, 918 (11th Cir. 2014) (unpublished); Turberville v. Astrue, 316 F. App'x 891, 892 (11th Cir. 2009) (unpublished).

With respect to the analysis conducted at step three, an ALJ considers the combined effect of all medically determined impairments, even those that are not severe. 20 C.F.R. §§ 416.923, 416.924a(b)(4), 416.926a(a) and (c). The ALJ then looks to "objective criteria set forth in [the Regulations]" to determine whether the impairment(s) cause severe and marked limitations. Shinn, 391

F.3d at 1278. The Regulations contain the Listings "specifying almost every sort of [impairment] from which a person can suffer, sorted into general categories." Id. (citing 20 C.F.R. § 416.925(a)). Each listed impairment contains a discussion of the different limitations on the child's abilities that the impairment may impose. Id. (citing 20 C.F.R. § 416.925(a)).

Limitations appearing in the Listings "are considered 'marked and severe.'" Id. (citing 20 C.F.R. § 416.925(a)). Limitations resulting from a child's impairment(s) meet "the Listings if the child actually suffers from the limitations specified in the Listings for that child's severe impairment." Id. Limitations resulting from a child's impairments medically equal "the Listings if the child's limitations 'are at least of equal medical significance to those of a listed impairment.'" Id. (quotation omitted); see 20 C.F.R. § 416.926).

Even if the child's limitations do not medically equal the Listings, "the ALJ can still conclude that those limitations are 'functionally equivalent' to those in the Listings." Id. To make that determination, "the ALJ assesses the degree to which the child's limitations interfere with the child's normal life activities," using "six major domains of life[.]" Id. Those domains are:

> (i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for [one]self; and, (vi) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1); see also T.R.C., 553 F. App'x at 918 (citation omitted). "A child's impairment is 'of listing-level severity,' and so 'functionally equals the listings,' if as a result of the limitations stemming from that impairment the child has 'marked limitations in two of the domains [above], or an extreme limitation in one domain.'" Shinn, 391 F.3d at 1279 (alteration in original) (quoting 20 C.F.R. § 416.926a(d) and citing 20 C.F.R. § 416.925(a)).

### III.   The ALJ's Decision

The ALJ followed the required three-step sequential evaluation process for children. Tr. at 11-25. At step one, after recognizing Plaintiff "was an adolescent on January 23, 2020, the date the application was filed, and is currently an adolescent," the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since . . . the application date." Tr. at 11 (emphasis and citation omitted). Next, at step two, the ALJ found Plaintiff suffers from "the following severe impairments: attention deficit hyperactivity disorder, anxiety disorder, depressive disorder, learning disorder, autism disorder and vision disorder." Tr. at 11 (emphasis and citation omitted).

At step three, the ALJ found that "Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 11 (emphasis and citation omitted). The ALJ then determined that "[Plaintiff] does not have an impairment or combination of impairments that

functionally equals the severity of the listings." Tr. at 14 (emphasis and citation omitted). In terms of the six major domains of life, the ALJ ascertained the following: Plaintiff has "less than a marked limitation in acquiring and using information"; "less than a marked limitation in attending and completing tasks"; "less than a marked limitation in interacting and relating with others"; "no limitation in moving about and manipulating objects"; "less than a marked limitation in the ability to care for herself"; and "a marked limitation in health and physical wellbeing." Tr. at 15 (some emphasis omitted). Accordingly, the ALJ found that "[Plaintiff] does not have an impairment or combination of impairments that functionally equals a listing, because [Plaintiff] does not have either 'marked' limitations in two domains of functioning or 'extreme' limitation in one domain of functioning." Tr. at 25.

The ALJ concluded that "[Plaintiff] has not been disabled . . . since January 23, 2020, the date the application was filed." Tr. at 25 (emphasis and citation omitted).

## IV.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir.

1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam); see also Noble v. Comm'r of Soc. Sec., 963 F.3d 1317, 1323 (11th Cir. 2020).

## V.   Discussion

As noted, Plaintiff challenges the ALJ's finding that she has less than marked limitation in the domains of acquiring information and attending and

completing tasks. Pl.'s Mem. at 3-9. Plaintiff also challenges as inadequate the ALJ's consideration of her mother's testimony and third-party function reports. Id. at 9-13. The arguments are related and are addressed together.

The domain of acquiring information considers how well a child "acquire[s] or learn[s] information, and how well [the child] use[s] the information [he or she has] learned." 20 C.F.R. § 416.926a(g). An adolescent should be able to "demonstrate what [he or she has] learned in academic assignments (e.g., composition, classroom discussion, and laboratory experiments)"; "use what [he or she has] learned in daily living situations without assistance (e.g., going to the store, using the library, and using public transportation)"; "comprehend and express both simple and complex ideas, using increasingly complex language (vocabulary and grammar) in learning and daily living situations (e.g., to obtain and convey information and ideas)"; and "learn to apply these skills in practical ways that will help [him or her] enter the workplace after [he or she] finish[es] school (e.g., carrying out instructions, preparing a job application, or being interviewed by a potential employer)." 20 C.F.R. § 416.926a(g)(v). Examples of limited functioning in this domain include but are not limited to: "not demonstrat[ing] understanding of words about space, size, or time; e.g., in/under, big/little, morning/night"; being unable to "rhyme words or the sounds in words"; "hav[ing] difficulty recalling important things [he or she] learned in school yesterday"; "hav[ing] difficulty solving

mathematics questions or computing arithmetic answers"; and "talk[ing] only in short, simple sentences and hav[ing] difficulty explaining what [he or she] mean[s]." 20 C.F.R. § 416.926a(g)(3).

The domain of attending and completing tasks considers how well a child can "focus and maintain [his or her] attention, and how well [he or she] begin[s], carr[ies] through, and finish[es his or her] activities, including the pace at which [he or she] perform[s] activities and the ease with which [he or she] change[s] them." 20 C.F.R. § 416.926a(h). An adolescent should be able, among other things, to: "pay attention to increasingly longer presentations and discussions"; "maintain [their] concentration while reading textbooks"; and "independently plan and complete long-range academic projects." 20 C.F.R. § 416.926a(h)(2)(v). Examples of limited functioning in this domain include but are not limited to: being "easily startled, distracted, or overreactive to sounds, sights, movements, or touch"; being "slow to focus on, or fail[ing] to complete activities of interest"; "repeatedly becom[ing] sidetracked from . . . activities or . . . frequently interrupt[ing] others"; being "easily frustrated and giv[ing] up on tasks, including ones [the child is] capable of completing"; and "requir[ing] extra supervision to keep [the child] engaged in an activity." 20 C.F.R. § 416.926a(h)(3)(i)-(v).

Regarding evidence provided by a third-party such as Plaintiff's mother, an ALJ is "not required to articulate how [he or she] considered evidence from

nonmedical sources using . . . requirements . . . [that are applicable to medical opinions and prior administrative findings]." 20 C.F.R. § 404.1520c(d); see also 20 C.F.R. § 404.1513(a)(4). Nevertheless, an ALJ's Decision should be structured in such a way that a reviewing court can determine whether the ALJ properly considered the probative evidence and whether the ultimate decision is based upon substantial evidence. See Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981).

Here, Plaintiff in making the various challenges relies heavily on findings that are set forth in an Individual Education Plan ("IEP") dated December 4, 2020 and applicable to the 2020/2021 school year. See Pl.'s Mem. at 4-9; see also Tr. at 844-54 (IEP). Plaintiff also relies upon the fact that for the school year following the IEP, she was enrolled in a virtual school FLEX program through Florida Virtual School ("FLVS"). See Pl.'s Mem. at 4-9. Plaintiff further contends the ALJ inadequately considered her mother's testimony and third-party function reports. Id. at 9-13.

The ALJ did not err. The ALJ considered the IEP in detail in making the various functional domain findings and other findings in the Decision. Tr. at 12-14, 16-25. Particularly as to the domains at issue, the ALJ found regarding acquiring information:

> Although a recent grade report shows some failing grades in math and physical education, this grade report also shows all A grades in one class, which shows

> a good ability to pay attention, understand, and complete tasks (Ex. B6E[8]). [Plaintiff] and her mother both reported at several medical appointments that [Plaintiff] was doing well in school and participating in extracurricular activities (Ex. B13F,[9] B14F,[10] B19F,[11] B26F[12]). [Plaintiff's] IEP also noted that that [Plaintiff] was enrolled in regular education classes and was on track to obtain a regular high school diploma (Ex. B26F). The IEP noted that [Plaintiff] got along well with peers and teachers and was able to work well independently and collaboratively. [Plaintiff's] teacher reported that [Plaintiff] was receptive to teacher assistance and showed a strong desire to succeed. The IEP reported that [Plaintiff] was able to process newly learned information and apply it to the task at hand and was able to synthesize information learned from a variety of sources and apply it to solving new problems. Therefore, [Plaintiff] has less than marked limitation in acquiring and using information.

Tr. at 20. Regarding the domain of attending and completing tasks, the ALJ made the same findings. See Tr. at 21. The ALJ's findings reflect adequate consideration of the evidence, including the IEP, and are supported by substantial evidence in the record. Plaintiff challenges the ALJ's lack of discussion of various accommodations, Pl.'s Mem. at 5, but the ALJ was obviously aware of the accommodations because they are set forth in the IEP and are sporadically referred to by the ALJ throughout the Decision. See Tr. at

---

[8] See Tr. at 272-77.
[9] See Tr. at 639-59.
[10] See Tr. at 666-86.
[11] See Tr. at 772-80.
[12] See Tr. at 843-54.

844-54 (IEP), 16 (ALJ stating Plaintiff is now attending school online, "does not work at a regular pace," "receives significant support from the school," and "us[es] a large screen computer to accommodate her visual limitations"), 25 (ALJ discussing medical experts' opinions regarding visual accommodations). Moreover, the ALJ was aware of and referred to Plaintiff's attending FLVS the year following the IEP both in questioning Plaintiff's mother and in the Decision itself. Tr. at 58 (hearing transcript), 16 (ALJ's Decision). The ALJ did not err regarding the two functional domains at issue.

Further, the ALJ did not err regarding Plaintiff's mother's testimony and function reports. The ALJ summarized both in the Decision, Tr. at 16, showing that they were adequately considered. Plaintiff quarrels with the lack of "explan[ation of] how he consider[ed] them," Pl.'s Mem. at 12, but the ALJ is not required to provide a detailed analysis of these matters. The ALJ's discussion assures the Court that Plaintiff's mother's testimony and reports were considered along with the rest of the evidence in arriving at the ultimate Decision.

## VI. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on January 10, 2025.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record